STATE *ex rel.* FRANCIS RODMAN, Secretary of State, *v.* A. THOMPSON, State Auditor.

*Secretary—Militia.*—By the act of February 28, 1865, (Sess. Acts 1865, p. 59,) the Secretary of State was to be paid for his services under the act, out of any moneys in the Treasury not otherwise appropriated, and not out of the fund created by the act.

## *Petition for Mandamus.*

LOVELACE, Judge, delivered the opinion of the court.

This is a petition for a mandamus on the respondent as Auditor of Public Accounts, to require him to draw his warrant in favor of the relator for the amount due him for services as Secretary of State, under the provisions of an act of the Legislature, approved February 20, 1865, entitled "An act for the payment of arrears due the Enrolled militia for services actually rendered to the State." The first and second sections of the act (Sess. Acts 1865, p. 59) provide for issuing Union Military bonds for the payment of the militia; and the third section is in these words, "Said bonds shall be in the form of those provided in the aforesaid act of March 9, 1863, except that February, 1865, shall be inserted instead of March, 1863, and shall each be numbered and registered on the day of the date thereof in the Auditor's office, and when so registered, shall be countersigned by the Auditor and signed by the Secretary of State, who are hereby authorized to cause the same to be done by the chief clerks, if necessary to expedite the issue of said bonds; and the said Secretary and Auditor shall be entitled to a reasonable compensation for the duties required of them by this act, not to exceed four hundred dollars. Their account to be approved by the Governor and paid out of any money in the Treasury not otherwise appropriated."

The respondent answers that he has drawn a warrant on the Union Military fund for the benefit of the relator. In the case of the State *ex rel.* Long v. Bishop, Treasurer,

State ex rel. Attorney General v. State Auditor.

decided at this term of the court, it was held, that this Union Military fund had been appropriated by the Legislature for the purpose of redeeming Union Military bonds; and expenses incurred about its collection were not propproperly payable out of that fund. That doctrine applied here would cut the relator out from any benefit in said fund for his services in this matter.

But in this case, as in Long's, there is an appropriation for the payment of this very indebtedness. The Legislature appropriated four hundred dollars to be paid out of any money in the Treasury not otherwise appropriated for the especial benefit of the relator.

But it is argued that there is no money in the Treasury not appropriated to some other purpose. If that is true, it is the misfortune of the relator. The Legislature can only make appropriations; if the money is not in the Treasury the presumption is that it will come in. It is certainly no objection to the appropriation that it is made of moneys not heretofore appropriated. The Legislature would not desire to appropriate money twice; and in this particular, it is precisely like the general appropriation bill passed at the same session of the Legislature (p. 5). The appropriations there mentioned are also to be paid out of any money not otherwise appropriated. The Auditor ought to issue his warrant on the fund appropriated for that purpose: and to compel him to do so the mandamus will issue; the other judges concurring.